# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JACOB GLEN ROBERTS,
           Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
           Agency.

DOCKET NUMBER
DE-0752-23-0252-I-1

DATE: January 16, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin Crayon, Jr., Esquire, Kennesaw, Georgia, for the appellant.

Jeffrey Wadman and Curtis Smith, Tucson, Arizona, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal for a charge of conduct unbecoming. On petition for review, the appellant challenges many of the administrative judge's findings, reasserts that the agency failed to prove its charges, argues that the removal penalty is unreasonable, and argues that the administrative judge erred by denying his due

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

process and/or harmful procedural error affirmative defenses.[2] Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's argument that the charge was impermissibly vague and violated his right to due process, and to supplement the analysis of the administrative judge's finding that the agency did not commit harmful procedural error by failing to provide the appellant with written notice of his *Weingarten* rights, we AFFIRM the initial decision.

On review, the appellant argues that he was "punished for the wrong charge," suggesting that although the agency's listed charge was conduct unbecoming, during the hearing the deciding official suggested that he believed that the conduct the appellant actually engaged in and was charged with was sexual harassment. Petition for Review (PFR) File, Tab 1 at 26. He argues that, in effect, the agency punished him for engaging in sexual harassment, despite not explicitly charging him with as much. *Id.* at 26-27.

---

[2] The appellant has not challenged the administrative judge's finding that he failed to prove his race and sex discrimination affirmative defenses. Initial Appeal File (IAF), Tab 28, Initial Decision (ID) at 55-59.

When, as here, the agency has employed a generic label for the charge, like conduct unbecoming, the Board must look to the specifications to determine what conduct is the basis for the charge. *Lachance v. Merit Systems Protection Board*, 147 F.3d 1367, 1372 (Fed. Cir. 1998). In resolving the issue of how a charge should be construed and what elements require proof, the Board examines the structure and language of the proposal notice and the decision notice. *See Boltz v. Social Security Administration*, 111 M.S.P.R. 568, ¶ 16 (2009) (finding that, although the agency used the general charge of inappropriate behavior, the specifications and circumstances showed that the agency charged the appellant with intentional falsification; thus, the agency was required to prove the elements of falsification). The Board has held that a charge of sexual harassment is separate and distinct from a charge of conduct unbecoming a Federal employee. *See generally Brim v. U.S. Postal Service*, 49 M.S.P.R. 494, 497-99 (1991). Unlike a general charge of conduct unbecoming, a claim of sexual harassment requires an agency to meet a specified standard of proof. *See King v. Hillen*, 21 F.3d 1572, 1580 (Fed. Cir. 1994) (finding that a Title VII sexual harassment violation will lie if the offensive conduct is based on the employee's sex, is unwelcome, and is sufficiently severe or pervasive to interfere with the employee's job performance or to create an abusive work environment).

Here, although the specifications of the conduct unbecoming charge were based on several instances of the appellant's sexually inappropriate conduct as set forth in the proposal, neither the proposal nor the decision letter contained an allegation that the appellant engaged in sexual harassment, nor did either make any reference to the legal standards applicable to a sexual harassment charge. Initial Appeal File (IAF), Tab 5 at 40-43, 80-86. Accordingly, the administrative judge correctly analyzed the charge as a general charge of conduct unbecoming based on the specific instances of inappropriate conduct described in each of the narrative charges. *See Byers v. Department of Veterans Affairs*, 89 M.S.P.R. 655, ¶ 22 (2001) (observing that the Board is required to review the agency's decision in an

adverse action solely on the grounds invoked by the agency; the Board may not substitute what it considers to be a more adequate or proper basis).

The appellant also argues on review that many of the specifications of the charge are impermissibly vague and unsubstantiated and lack discrete dates and times for the alleged misconduct, and that he was hampered in his ability to defend against the allegations due to the significant passage of time. PFR File, Tab 1 at 4-7, 16-17. He also raised this argument below, IAF, Tab 1 at 7-8, and although the administrative judge generally addressed his argument that the delay between the alleged incidents of misconduct and the agency's removal action contributed to his inability to meaningfully defend against the charge in analyzing the appellant's due process claim, IAF, Tab 28, Initial Decision (ID) at 42-43, she did not specifically address his argument that some of the specifications were impermissibly vague, and so we do so here in the first instance.

An impermissibly vague charge may violate an appellant's due process rights by failing to provide him with adequately detailed notice of his alleged misconduct. *See Mason v. Department of the Navy*, 70 M.S.P.R. 584, 586-88 (1996); *Ragolia v. U.S. Postal Service*, 52 M.S.P.R. 295, 301-02, *aff'd*, 983 F.2d 1086 (Fed. Cir. 1992) (Table). Nevertheless, if the notice is sufficiently specific to allow the employee to respond and defend against the charge, the agency has given adequate notice. *See, e.g., Gilmore v. U.S. Postal Service*, 103 M.S.P.R. 290, ¶¶ 7-14 (2006), *aff'd*, 232 F. App'x 276 (Fed. Cir. 2008). Here, the agency's removal proposal provided the appellant with notice of the approximate date of each alleged instance of misconduct, identifying the month and year for each specification within a 3-month range or less, set forth the name of each victim of the unwanted touching or inappropriate statement, specified where each alleged incident occurred within the agency's facilities, and identified, with detail, the specific inappropriate statement or unwanted touching the appellant was alleged to have engaged in. IAF, Tab 5 at 80-81. This is distinguishable from other instances in which the Board has found a due process violation on vagueness grounds. *Cf. Mason*, 70 M.S.P.R. at 586-88

(finding that a charge was unduly vague because it lacked any specificity regarding the date, time, and location of the alleged misconduct). Additionally, during his interview with the agency's Office of the Inspector General (OIG) and in his Board hearing testimony, the appellant was able to recall details and offer alternative interpretations of several of the incidents identified in the specifications, indicating that he understood the nature of the allegations against him. IAF, Tab 5 at 212-16; IAF, Tab 26, August 23, 2023, Hearing Recording (HR) 26-2, HR 26-3, HR 26-4 (testimony of the appellant). The record also does not show that he sought and was denied discovery on any issues that would have clarified any uncertainty concerning the specifications of the charge. IAF, Tabs 9, 13, 17-18, 20; *cf. Mason*, 70 M.S.P.R. at 587. Accordingly, under these circumstances, we conclude that the appellant was not denied due process on the basis that the charges were impermissibly vague.

The appellant also reargues that the agency's failure to provide him with a form explaining his *Weingarten* rights at the beginning of his OIG interview, witnessed and signed by the appellant acknowledging receipt as required by Article 22 of the agency's collective bargaining agreement (CBA), constituted harmful procedural error. PFR File, Tab 1 at 8-14; IAF, Tab 15 at 87-88; *see National Labor Relations Board v. Weingarten, Inc.*, 420 U.S. 251, 260 (1975).[3] The administrative judge directly addressed this claim, acknowledging that the agency failed to provide the appellant with specific written notice of his *Weingarten* rights as set forth in the CBA, but concluded that it was nevertheless clear that the appellant was aware of his right to have a union representative present at his OIG interview with him, based on his admitted communications with his union

---

[3] *Weingarten* rights involve a private sector employee's right, articulated in *Weingarten*, 420 U.S. at 260, to request union representation at an investigatory interview that the employee reasonably believes might result in disciplinary action. *See Howard v. Office of Personnel Management*, 31 M.S.P.R. 617, 621 (1986), *aff'd*, 837 F.2d 1098 (Fed. Cir. 1987) (Table). Congress granted Federal employees *Weingarten*-type rights in the Civil Service Reform Act. 5 U.S.C. § 7114(a)(2)(B).

representative in advance of his interview and his stated intention to have his union representative present during the interview. ID at 44; HR 26-2 (testimony of the appellant). She further concluded that Department of Homeland Security (DHS) OIG investigators conducted the interviews, and because DHS was not a party to the CBA, the *Weingarten* notice requirement set forth in Article 22 of the CBA of the Custom and Border Protection (CBP) did not apply to the DHS OIG investigators. ID at 44.

The administrative judge also considered, and rejected, the appellant's argument that a finding that DHS OIG was not a party to the CBA would permit CBP to avoid the requirements of the CBA by enlisting the OIG to perform its investigations, noting that CBP had no authority over the OIG to instruct it to initiate investigations and so the appellant's concerns were without merit. ID at 45. Finally, the administrative judge also considered and rejected the appellant's argument that the presence of one of CBP's Office of Professional Responsibility (OPR) investigators during the appellant's OIG interview brought the interview within the purview of the CBA, concluding that the OPR official was not participating in an OPR investigation at the time he attended the interview and OPR was not the party taking the action during the OIG process. ID at 45. The appellant argues on review that the administrative judge erred in reaching both of these conclusions, citing the testimony of the appellant's union representative during the OIG proceedings arguing that the interview should have required the written *Weingarten* notice set forth in Article 22 of the CBA. PFR File, Tab 1 at 12-13.

We agree with the administrative judge but modify the initial decision to provide additional analysis justifying her conclusion. In *U.S. Department of Homeland Security U.S. Customs and Border Protection v. Federal Labor Relations Authority*, 751 F.3d 665, 666-68 (D.C. Cir. 2014), the U.S. Court of Appeals for the D.C. Circuit[4] considered whether a provision in CBP's collective

---

[4] Other than decisions of the U.S. Court of Appeals for the Federal Circuit, the decisions of the circuit courts are not binding on the Board, but the Board may follow them if it

bargaining agreement could bind the DHS OIG by requiring the OIG to provide certain rights during an investigatory interview that exceeded the *Weingarten*-type notice requirements set forth in 5 U.S.C. § 7114(a). The court determined that CBP's CBA could not bind the OIG, reasoning that the provision providing additional rights during OIG interviews was inconsistent with the Inspector General Act of 1978 (IG Act), 5 U.S.C. §§ 401-424, and interfered with the OIG's work by: (1) requiring more of OIG inspectors than *Weingarten* itself required; and (2) "purport[ing] to impose contractual obligations on the OIG even though the OIG is not a party to the collective bargaining agreement and is not subject to the bargaining requirements of the [Federal Service Labor-Management Relations Statute (FSLMRS)]." 751 F.3d at 671. *See U.S. Nuclear Regulatory Commission, Washington, D.C. v. Federal Labor Relations Authority*, 25 F.3d 229, 234 (4th Cir. 1994) (finding that collective bargaining proposals that concerned investigations conducted by that agency's OIG were "not appropriately the subject of bargaining between an agency and a union" and that to allow an agency and a union to bargain over restrictions that would apply to OIG's investigatory interviews "would impinge on the statutory independence of the Inspector General").

As in *U.S. Department of Homeland Security U.S. Customs and Border Protection* and *U.S. Nuclear Regulatory Commission, Washington, D.C.*, in the instant case, the DHS OIG is an independent investigatory body pursuant to the IG Act, *see* 5 U.S.C. § 417, and so the requirement in Article 22 of CBP's CBA that the agency provide written notice of *Weingarten* rights in advance of an investigatory interview cannot be applied to bind the OIG. Accordingly, we agree with the administrative judge's finding that, as a non-party to the CBA, the DHS OIG investigators were not required to comply with the written notice requirements set forth in Article 22, and so the appellant failed to establish that the agency committed harmful procedural error based on the OIG's failure to provide the

finds their reasoning persuasive, as we do here. *Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 13 n.8 (2015).

written notice.[5] *See Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 11 (2016) (observing that, under the harmful error standard, reversal is only warranted if the appellant proves, by preponderant evidence, that there was a procedural error that was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018); 5 C.F.R. §§ 1201.4(r), 1201.56(b)(2)(i)(C).

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about

---

[5] The appellant also argues on review that the administrative judge erred by denying his Motion in Limine to exclude his OIG interview from the agency file on the basis that it was obtained without the *Weingarten* notice required by Article 22 of the CBA. PFR File, Tab 1 at 11; IAF, Tab 15 at 29, Tab 20 at 2-3. Because we agree with the administrative judge that the agency did not violate the appellant's due process rights or commit harmful procedural error in conducting his OIG interview, she did not err in denying the motion.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil

action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.